UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
LOTHIAN CASSIDY LLC et al.,

         Plaintiffs,

 -against-

BRUCE RANSOM et al.,

         Defendants.
---------------------------------------------------------------- x

MEMORANDUM & ORDER

10-CV-0420 (ENV)(SMG)

**VITALIANO, D.J.**

  Defendant Charles Beckham and defendants Belridge Energy Advisors, L.P.; JVL Global Energy (QP), L.P.; JVL Global Energy, L.P.; John Vincent Lovoi; Paul Loyd, Jr.; Navitas Fund, L.P.; Nawab Energy Partners, L.P.; Peninsula Catalyst Fund (QP) L.P.; Peninsula Catalyst Fund, L.P.; and Michael Raleigh (collectively, "Belridge") have separately but simultaneously moved to transfer venue of this action removed from state court to the Western District of Texas for referral to the bankruptcy court there.[1] Plaintiffs oppose the motions and have moved for remand to state court (or, alternatively, for mandatory or permissive abstention). For the reasons set forth below, plaintiffs' motion is denied and the transfer motions are granted.

**BACKGROUND**

  In June of 2007, nonparty Lothian Oil Inc. ("LOI") filed for Chapter 11 bankruptcy protection in the Western District of Texas. LOI is currently operating subject to the "Second Modified Amended Joint Plan of Liquidation of the Debtors Dated June 19, 2008" (the "plan"), which became effective through the bankruptcy court's June 27, 2008 confirmation order. (See

---

[1] Defendants Bruce Rasmus, Blackhill Partners, James Latimer, III, and Mark Lipscomb were deemed to have joined in these motions by Order dated February 19, 2010. Defendants Davidson, Gelband, Wilson, and (to the extent intended as a defendant) BLSCo Newco, Inc., have filed a reply in support of the motions to transfer venue. Defendant Capital One has filed an affirmation in support of the motions to transfer venue.

1

Doc. #28-1.[2])

Plaintiffs are a multi-state collection of individuals, trusts, pension plans, and other entities who allegedly lost their investments in several Texas enterprises, one of which was LOI. Plaintiffs filed an amended complaint in Kings County Supreme Court, on January 4, 2010, advancing 15 state law causes of action[3] against, inter alia, various board members, officers, and representatives of LOI.

Beckham filed a notice of removal on February 1, 2010. Belridge filed a notice of consent to removal on February 3, 2010. The instant motions to transfer venue, as well as plaintiffs' motion to remand (or for abstention), followed shortly thereafter.

## STANDARD OF REVIEW

"When presented with competing motions to remand a case and to transfer venue, a court is to consider the remand motion first, and then address the motion to transfer venue only if it first denies the motion to remand." See, e.g., Stahl v. Stahl, No. 03-CV-0405, 2003 U.S. Dist. LEXIS 20112, at *7 (S.D.N.Y. Nov. 7, 2003) (citation omitted). And, "because [28 U.S.C.] section 1452(b) permits remand 'on any equitable ground,' a court's remand analysis will generally take into consideration the possibility that the case might be transferred for consolidation with a pending bankruptcy proceeding." Renaissance Cosmetics, Inc. v. Development Specialists Inc., 277 B.R. 5, 11 (S.D.N.Y. 2002) (citation omitted).

## DISCUSSION

I.  Removal Was Properly Executed

As an initial matter, the Court finds that removal of this action pursuant to 28 U.S.C. §

---

[2] All such references are to documents filed in the Eastern District of New York.

[3] The causes of action are as follows: breach of contract; breach of fiduciary duty; negligence; gross negligence; fraud; conversion; equitable estoppel; promissory estoppel; unjust enrichment; conspiracy; quantum meruit; tortious interference with contract; specific performance; actual trust; and constructive trust.

2

1452(a) was proper, notwithstanding plaintiffs' argument that they had not yet served Beckham with the complaint when he filed his remand notice. The argument is meritless, since service of process and formal commencement of the state court action against the removing party are not prerequisites for such a party to notice removal. See Delgado v. Shell Oil Co., 231 F.3d 165, 177 (5th Cir. 2000) ("Generally, service of process is not an absolute prerequisite to removal. . . We read § 1446(b) and its 'through service or otherwise' language as consciously reflecting a desire on the part of Congress to require that an action be commenced against a defendant before removal, but not that the defendant have been served." (citation omitted)); see also 28 U.S.C. § 1446(b). In fact, because Beckham had not been served, his time to remove had not even begun to run when he filed his notice. See Lead I JV, LP v. North Fork Bank, 401 B.R. 571, 577 (E.D.N.Y. 2009) (noting that "the clock for removal does not begin until a defendant is properly served with process" (citations omitted)); see also Murphy Bros., Inc. v. Michetti Pipe Stringing, 526 U.S. 344 (1999). The acknowledgement by plaintiffs that they had not served Beckham completely vitiates their further argument that removal was untimely. Moreover, Beckham's notice of removal was filed fewer than 30 days after the amended complaint was first served on any party, in compliance with 20 U.S.C. § 1446(b). Cf. Lead I, 401 B.R. at 577 ("[L]ast-served defendant rule is the proper interpretation of § 1446."). Finally, and again contrary to plaintiffs' contention, removal did not require defendants' unanimous consent. See Cal. Pub. Employees' Ret. Sys. v. Worldcom, Inc., 368 F.3d 86, 103 (2d Cir. 2004) ("[B]ecause any one 'party' can remove under Section 1452(a), removal under that provision, unlike removal under Section 1441(a), does not require the unanimous consent of the defendants." (citation omitted)).

II. Plaintiffs' Motion to Remand

Under 28 U.S.C. § 1334(b), "the district courts shall have original but not exclusive

jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." The threshold question on the motion to remand is whether § 1334(b) jurisdiction is present. Plaintiffs argue that it is not. Alternatively, plaintiffs argue that, even if such jurisdiction does exist, this Court has, at most, "related to" jurisdiction, of the kind requiring mandatory abstention under 28 U.S.C. § 1334(c)(2).

A.   Subject-Matter Jurisdiction

The critical connection, of course, is the LOI bankruptcy proceeding. For the claimed § 1334(b) jurisdiction to exist, defendant-removers must show that the action brought by plaintiffs arises under, arises in, or is at least "related to" the LOI bankruptcy proceeding. "Arising under" and "arising in" proceedings "encompass the matters that are at the core of the jurisdiction of the bankruptcy courts, and depend upon the application or construction of bankruptcy law." In re 610 W. 142 Owners Corp., 219 B.R. 363, 366 (S.D.N.Y. 1998); see also Lead I JV, 401 B.R. at 578-79; In re Nw. Airlines Corp., 384 B.R. 51, 56 (S.D.N.Y. 2008); In re Gen. Media, Inc., 335 B.R. 66, 72 (S.D.N.Y. 2005) ("Generally, a core proceeding is one that invokes a substantive right under title 11, or could only arise in the context of a bankruptcy case."); McCord v. Papantoniou, 316 B.R. 113, 119 (E.D.N.Y. 2004) (stating that core proceedings are ones "'that are unique to or uniquely affected by the bankruptcy proceedings, or directly affect a core bankruptcy function.'" (citations omitted)). A case that does not arise in or under a bankruptcy proceeding, but that "could conceivably have any effect on the estate being administered in bankruptcy," In re Pacor, Inc., 743 F.2d 984, 994 (3d Cir. 1984), overruled on other grounds by Things Remembered, Inc. v. Petrarca, 516 U.S. 124 (1995) (emphasis omitted), falls within federal "related to" jurisdiction. "Related to" matters are definitionally non-core. See In re Ben Cooper, Inc., No. 89-5026, 1990 U.S. App. LEXIS 20747, at *15 (2d Cir. Nov. 27, 1990);

4

Shiboleth v. Yerushalmi, 412 B.R. 113, 116 (S.D.N.Y. 2009).

"[W]hen a cause of action is one which is created by title 11, then that civil proceeding is one 'arising under title 11.'" See Winstar Holdings, LLC v. Blackstone Group L.P., No. 07-CV-4634, 2007 U.S. Dist. LEXIS 90482, at *7 (S.D.N.Y. Dec. 10, 2007) (citation omitted). A case does not arise under title 11 unless a "'plaintiff's statement of his own cause of action shows that it is based upon'" title 11. Id. at *8 (quoting Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)). Here, plaintiffs' action does not arise under title 11 because it is based upon contract and tort claims arising under state law, none of which require that any "proposition of bankruptcy law . . . be established for plaintiffs to prevail" or that implicate any provision of the bankruptcy code for plaintiffs to prevail. Id. at *9. Thus, the Court rejects a finding of jurisdiction on this ground.

Certainly defendants have, however, demonstrated that plaintiffs' action is, at the very least, "related to" the LOI bankruptcy proceeding. For example, the bankruptcy plan and the confirmation order make clear that any finding of liability on the state claims could give rise to a claim for indemnification against LOI. (See, e.g., Doc. #28-1 at 42-43 § 6.10; id. at 15 ¶¶ K, O; see also, e.g., Lead I JV, LP, 401 B.R. at 581-82 ("[The] purely state law claims between nondebtors sounding in tort and contract" were found to support "related to" jurisdiction because, "[a]lthough it is true that any liability imposed upon [the state court defendant] in connection with Plaintiffs' claims may give rise to an indemnification claim by [that defendant] against the debtor . . . in the Court's view, that merely suggests that Plaintiffs' claims might have a conceivable effect on the [debtor's] estate and are thus, at best, related-to, non-core matters").) Indemnification claims directly affecting LOI are not hypothetical in this case, however, as defendants point out that LOI has already received indemnification payment requests stemming

from plaintiffs' action.

In any event, the causes of action advanced by plaintiffs more than relate to the LOI bankruptcy proceeding—they "arise in" it. "[C]laims that 'arise in' a bankruptcy case are claims that by their nature, not their particular factual circumstance, could only arise in the context of a bankruptcy case." Stoe v. Flaherty, 436 F.3d 209, 218 (3d Cir. 2006) (citation omitted). More specifically, the Court finds that plaintiffs' tort claims concerning alleged professional malpractice in the actual administration in bankruptcy court of the LOI bankruptcy estate create federal "arises in" jurisdiction. See, e.g., Baker v. Simpson, 413 B.R. 38, 43-44 (E.D.N.Y. 2009); Winstar, 2007 U.S. Dist. LEXIS 90482, at *13-*14 (citing In re Southmark Corp., 163 F.3d 925, 931 (5th Cir. 1999)). Additionally, matters involving the enforcement or construction of a bankruptcy court order fall under "arise in" jurisdiction. Winstar, 2007 U.S. Dist. LEXIS 90482, at *11 (citing In re Sterling Optical Corp., 302 B.R. 792, 801 (Bankr. S.D.N.Y. 2003)). Litigation of some, if not all, of plaintiffs' claims will require gateway interpretation of the bankruptcy court's prior orders, for example, the much-disputed plan injunction clause, (see Doc. #28-1 at 47 § 11.3; id. at 15 ¶ O), before their action may proceed. See, e.g., In re Petrie Retail, Inc., 304 F.3d 223, 230 (2d Cir. 2002) (finding subject-matter jurisdiction because, inter alia, "[a] bankruptcy court retains post-confirmation jurisdiction to interpret and enforce its own orders").

Given that the case brought by plaintiffs is "intimately related to the administration of the bankruptcy" and "[t]he Bankruptcy Court has a vital interest in policing the integrity of the bankruptcy process in general," Winstar, 2007 U.S. Dist. LEXIS 90482, at *14, this Court has jurisdiction over it and is not obligated to remand it to state court.

B.  Abstention

6

Nothing in 28 U.S.C. § 1334(c)(1) "prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." Nor, on the other hand, does the section compel abstention. That is the situation here. Beyond the fact that "[f]ederal courts should be 'sparing' in their exercise of discretionary abstention," see Winstar, 2007 U.S. Dist. LEXIS 90482, at *16 (citations omitted), the Court finds, for reasons more fully explicated in Part III, infra, that there is every reason practically and substantively to handle this case as part of the LOI bankruptcy proceeding. Furthermore, the Court finds that comity will not be offended by declining abstention. Without doubt, plaintiffs' state law claims are straightforward and do not require any unique handling unknown outside a New York state court. It is also equally clear that the action was removed so soon after filing of the amended complaint that Kings County Supreme Court has invested little, if any, effort in its resolution. See Winstar, 2007 U.S. Dist. LEXIS 90482, at *17. In fact, as discussed earlier, defendant-remover Beckham had yet to be served with process.

Nor does the plaintiffs' alternate theory of mandatory abstention hold water. The Court finds that mandatory abstention under 28 U.S.C. § 1334(c)(2) is inapplicable because the Court has already found that plaintiffs' action arises in, and is not merely related to, the LOI bankruptcy proceeding. But, even if the action were merely related to the bankruptcy, the doctrine of mandatory abstention would be inapplicable because plaintiffs have failed to demonstrate that their action could be timely adjudicated in state court. They have, indeed, demonstrated quite the contrary. The litigation described by plaintiffs' counsel at oral argument included taking the deposition of each of the defendants and the submission of document requests, which would, when completed, then entitle plaintiffs to place the action at the bottom

of the very congested trial calendar in Kings County Supreme Court. (See Transcript of Mar. 25, 2010 Oral Argument at 110-13.) In addition, plaintiffs have all but alleged violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, and the Anti-Injunction Act, 28 U.S.C. § 2283, suggesting strongly that jurisdiction under 28 U.S.C. § 1334 will ultimately not be the sole basis for federal jurisdiction.

In line with this analysis, then, plaintiffs' motion to remand is denied as is their alternative relief that the Court abstain from exercising jurisdiction.

III. Defendants' Motions to Transfer Venue

"The Second Circuit has held that the district in which the underlying bankruptcy case is pending is presumed to be the appropriate district for hearing and determination of a proceeding in bankruptcy." In re Iridium Operating LLC, 285 B.R. 822, 836 (S.D.N.Y. 2002) (internal quotations marks and citations omitted). Nonetheless, while "[t]he decision to transfer venue is within the discretion of the court based on an individualized, case-by-case consideration of convenience and fairness . . . ., the party seeking venue transfer bears the significant burden of making a clear and convincing showing that a matter should be transferred." McHale v. Citibank, N.A., No. 09-CV-6064, 2009 U.S. Dist. LEXIS 74943, at *16 (S.D.N.Y. Aug, 24, 2009) (internal quotation marks and citations omitted). Transfer movants in this case meet that standard.

Transfers of core bankruptcy proceedings are analyzed under 28 § U.S.C. 1412, but still apply analytical factors considered under § 1404(a), the general transfer provision, which includes an assessment of various, and potentially competing, factors, covering: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the

locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106-07 (2d Cir. 2006) (discussing determinations made under 28 § U.S.C. 1404(a) (internal quotation marks and citation omitted)); see also McHale, 2009 U.S. Dist. LEXIS 74943, at *17 ("The same factors are considered by district courts in determining whether to grant a motion for transfer under section 1404(a) or 1412." (citation omitted)).

Here, although plaintiffs did choose a New York state court as the forum,[4] see Gottdiener, 462 F.2d at 107 (noting that a plaintiff's choice of forum "is given great weight" (citation omitted)), the other factors weigh heavily in favor of transferring the case to the Western District of Texas. For example, the vast majority of defendants are in the Western District of Texas; the LOI bankruptcy documents are in the Western District of Texas; and potential nonparty witness LOI is located within the Western District of Texas. Certainly, the transferee venue is familiar to many plaintiffs too for they are creditors in the LOI bankruptcy proceeding. But, obviously, paramount among them all, the Court has already determined that plaintiffs' case "arises in" the LOI bankruptcy proceeding, which is why it was removed to federal court in the first place, and that bankruptcy proceeding is pending in the Western District of Texas as well. See Winstar, 2007 U.S. Dist. LEXIS 90482, at *19.

The case for transfer is compelling. In the end, considering all of the transfer factors, the Court concludes that "the interests of justice, including the interests of trial efficiency," McHale, 2009 U.S. Dist. LEXIS 74943, at *17, make the Western District of Texas the most appropriate

---

[4] Plaintiffs claim that their causes of action are based on documents with a New York forum selection clause and that this clause should be enforced. In support of their claim, plaintiffs appear to cite to a November 1, 2006 document entitled "Re: Confidentiality Agreement," a document signed solely by plaintiff Israel Grossman and with a signature line for (but no signature from) defendant Bruce Ransom. (See Doc. #20-2.) One signature from one party who is not the party to be charged with compliance on a document of dubious relevance does not a forum selection clause make. The Court thus rejects plaintiffs' argument on this point, as a matter of fact. Furthermore, assuming validity of the clause, plaintiff Grossman is in violation of it since the clause required his action to be brought in New York County, not Kings County.

9

venue for this case. Transfer there will ensure supervision by the court most familiar with, and with continuing administrative responsibility for, LOI's bankruptcy proceeding and, at the same time, ensures that the claims brought by plaintiffs will be fairly, efficiently, and effectively resolved with minimal practical upset to the ongoing bankruptcy proceeding within which they arise. Moreover, if plaintiffs' case were deemed merely "related to" the LOI bankruptcy proceeding, neither the essential transfer analysis, nor the conclusion, would change.

**CONCLUSION**

For the foregoing reasons, plaintiffs' motion to remand or, in the alternative, to abstain is denied and defendants' motion to transfer venue to the Western District of Texas is granted. Any additional pending request for other relief is denied with leave to renew in the transferee court.

The Clerk of the Court is directed to transfer this case to the United States District Court for the Western District of Texas and to close this docket.

SO ORDERED.

Dated: Brooklyn, New York
April 22, 2010

ERIC N. VITALIANO
United States District Judge