UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
LOTHIAN CASSIDY LLC et al.,

                                  Plaintiffs,

-against-

BRUCE RANSOM et al.,

                                  Defendants.
------------------------------------------------------------------x

**MEMORANDUM & ORDER**

10-CV-0420 (ENV)(SMG)

**VITALIANO, D.J.**

On August 18, 2010, plaintiffs filed a motion pursuant to Federal Rule of Civil Procedure 60(b) to set aside removal of this action from state court and/or to set aside transfer of venue to a forum outside New York or, alternatively, for certification of an interlocutory appeal under 28 U.S.C. § 1292(b) and a stay of any transfer pending determination of jurisdiction, and/or abstention by this Court and/or the Second Circuit Court of Appeals. Familiarity with the facts is presumed.[1]

For the reasons that follow, plaintiffs' motion is denied.

**STANDARD OF REVIEW**

The Second Circuit has stated that "[r]elief under Rule 60(b) . . . may be granted only in 'extraordinary circumstances.'" United States v. Bank of N.Y., 14 F.3d 756, 759 (2d Cir. 1994) (citing Ackermann v. United States, 340 U.S. 193, 199-202 (1950); Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986)); see also United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001) ("A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances. The burden of proof is on the party seeking

---

[1] For a more detailed discussion of the facts, background, and controlling law, see Lothian Cassidy LLC v. Ransom, 428 B.R. 555 (E.D.N.Y. 2010).

1

relief from judgment." (citing Paddington Partners v. Bouchard, 34 F.3d 1132, 1142 (2d Cir. 1994)); Nemaizer, 793 F.2d at 61 ("Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." (citations omitted)). Rule 60(b) "is not to be used as a substitute for appeal." House v. Sec'y of Health & Human Servs., 688 F.2d 7, 9 (2d Cir. 1982) (citing Eutectic Corp. v. Metco, Inc., 597 F.2d 32, 34 (2d Cir. 1979)).

Under 28 U.S.C. § 1292(b),

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. . . . [A]pplication for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.[2]

And, "[b]ecause an interlocutory appeal may 'prolong judicial proceedings, add delay and expense to litigants, burden appellate courts, and present issues for decisions on uncertain and incomplete records, tending to weaken the precedential value of judicial opinions,'" Goldberg v. UBS AG, 690 F. Supp. 2d 92, 101 (E.D.N.Y. 2010) (citing In re World Trade Cent. Disaster Site Litig., 469 F. Supp. 2d 134, 144 (S.D.N.Y. 2007), "'the power [to grant an interlocutory appeal] must be strictly limited to the precise conditions stated in the law.' . . . [O]nly 'exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro In Amministrazione Straordinaria, 921 F.2d 21, 25 (2d Cir. 1990) (citations omitted).

---

[2] See 28 U.S.C. § 1292(a) (providing that courts of appeals shall have jurisdiction of appeals from interlocutory orders granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions; interlocutory orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof; and interlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed).

## DISCUSSION

I.    Rules 60(b)(3) and 60(b)(5)

It is, of course, an abecedarian rule that a district court may reconsider its orders in cases pending before it. See, e.g., Harrison v. Lutheran Med. Ctr., No. 05-CV-2059, 2008 U.S. Dist. LEXIS 35459, *4 (E.D.N.Y. Apr. 28, 2008) ("[A] district court has the inherent power to reconsider its interlocutory orders."); see also Shiboleth v. Yerushalmi, 412 B.R. 113 (S.D.N.Y. 2009) (concerning a motion for reconsideration of a remand order). As an initial matter, the fact that plaintiffs filed a notice of appeal did not, ceteris paribus, preclude their subsequent filing of a motion for reconsideration. See, e.g., Smalls v. Batista, 191 F.3d 272, 276 n.3 (2d Cir. 1999) ("We note that the district court had jurisdiction to entertain and deny this Rule 60(b) motion even though a notice of appeal had been filed in this Court." (citing Toliver v. County of Sullivan, 957 F.2d 47, 49 (2d Cir. 1992))); cf. Toliver, 957 F.2d at 49 ("In other words, before the district court may grant a rule 60(b) motion, this court must first give its consent so it can remand the case, thereby returning jurisdiction over the case to the district court.").

Setting the notice of appeal to the side, the Court still may not consider plaintiffs' motion on the merits because, for an entirely separate reason, it lacks jurisdiction to do so. Succinctly, "[t]he failure of a party to seek a stay of a transfer order in the transferor court prior to the receipt of the action's papers by the clerk of the transferee court divests the transferor court of jurisdiction, absent a finding that the transferor court lacked power to transfer the case." Precious Garnets Ltd. v. Comm. Union Ins. Co., No. 99-CV-424, 1999 U.S. Dist. LEXIS 8074, at *3 (S.D.N.Y. June 1, 1999) (citing Warrick v. General Electric Co., 70 F.3d 736, 739 (2d Cir. 1995) (per curiam); Farrell v. Wyatt, 408 F.2d 662, 664-65 (2d Cir. 1969); Drabik v. Murphy, 246 F.2d 408, 409 (2d Cir. 1957)). Here, as in Precious Garnets, "[p]laintiffs sought no such

3

stay." Id.; see also Farrell, 408 F.2d at 664 ("[W]e have indicated that if a case has actually been physically transferred before application for a stay or a writ is made, petitioner is too late and the application will be denied."); see also Gutermuth Invs., Inc. v. Coolbrands Smoothies Franchise, LLC, No. 07-CV-1105, 2007 U.S. Dist. LEXIS 53903, at *5 (E.D.N.Y. July 25, 2007). But see Hill Dermaceuticals, Inc. v. Galderma, S.A., No. 03-CV-2509, 2003 U.S. Dist. LEXIS 8069, at *1-*2 (S.D.N.Y. May 15, 2003).

The docket history reveals that the Clerk of this Court physically transferred the file in this action to the Clerk of Court for the Western District of Texas on April 22, 2010 and that the Clerk of the transferee court physically received the file and opened the transferee court's docket on April 30, 2010. There being no argument made by movants, or one supportable in law or record, that this Court lacked the power to transfer the case to the Western District of Texas, the only arguments interposed on the instant motion relate to the substantive propriety of that order. The arguments are misdirected. The short of it is that, physically and jurisdictionally, there is no order presently before the Court that it can reconsider, stay, or certify for interlocutory appeal, which is why the motion must be denied in its entirety.

But, even if the Court had the offending orders before it, the result would be the same. Rule 60(b)(3) does not apply to such orders; it "only pertains to relief from the effects of a final judgment." Buell v. Mildworm, No. 97-CV-8449, 1998 U.S. Dist. LEXIS 1662, at *3 n.5 (S.D.N.Y. Feb. 13, 1998) (citing Gordon v. Breach Science Pub. v. Am. Inst. of Physics, 905 F. Supp. 169, 177 (S.D.N.Y. 1995)); see also Alvarez v. American Airlines, Inc., No. 98-CV-1027, 2000 U.S. Dist. LEXIS 1254, *3-*4 (S.D.N.Y. Feb. 7, 2000) ("Rule 60(b) applies only to "final" judgments. 'The standard test for whether a judgment is "final" for Rule 60(b) purposes is . . . whether the judgment is sufficiently "final" to be appealed.' A judgment is final such that it may

be appealed if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" (citations omitted)). A transfer order, or an order denying abstention or remand, is not "final." Consequently, the Court would not be able to consider plaintiffs' instant motion under this rule anyway.

Even if plaintiffs' motion for Rule 60(b)(3) review by this Court were appropriate, though, it would be denied. "[A] Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits." Fleming v. N.Y. Univ., 865 F.2d 478, 484 (2d Cir. 1989). Further, "the moving party must show that 'this conduct prevented [the movant] from fully and fairly presenting his case.'" Catskill Dev., L.L.C. v. Park Place Entm't Corp., 286 F. Supp. 2d 309, 312 (S.D.N.Y. 2003) (quoting Walther v. Maricopa Intern. Inv. Corp., No. 97-CV-4816, 2002 U.S. Dist. LEXIS 21842, at *3 (S.D.N.Y. Nov. 12, 2002)). Here, plaintiffs have failed to produce clear and convincing evidence of misrepresentations, material or otherwise, or of any conduct by defendants that prevented them from fully and fairly presenting their case. Similarly, plaintiffs have provided no valid basis for the Court to reconsider its discretionary decision not to abstain, nor, for the second time, have plaintiffs succeeded in demonstrating that this Court was obligated to abstain under 28 U.S.C. § 1334(c). All that plaintiffs have done is attempt to use Rule 60(b)(3) as another means through which to relitigate their failed arguments. For this reason, reconsideration would not have been granted under Rule 60(b)(3).

Meanwhile, "Federal Rule of Civil Procedure 60(b)(5) permits a party to obtain relief from a judgment or order if, among other things, 'applying [the judgment or order] prospectively is no longer equitable.'" Horne v. Flores, 129 S. Ct. 2579, 2593 (2009). The rule "may not be used to challenge the legal conclusions on which a prior judgment or order rests, but the Rule

5

provides a means by which a party can ask a court to modify or vacate a judgment or order if 'a significant change either in factual conditions or in law' renders continued enforcement 'detrimental to the public interest.' The party seeking relief bears the burden of establishing that changed circumstances warrant relief." Id. (citation omitted).

Plaintiffs have failed totally to meet their burden of establishing changed circumstances warranting relief. That the Western District of Texas's bankruptcy court issued a sanction order against them and ordered them to appear in the "so-ordered" forum district is neither a significant change in factual conditions or in law, nor is it detrimental to the public interest, nor is any action taken there beyond appellate review.

Similarly, the fact that defendants may move to dismiss plaintiffs' case in the Western District of Texas's bankruptcy court does not in any way demonstrate that applying the April 22, 2010 Order prospectively would be inequitable. Indeed, defendants could have sought to make that motion before this Court or in state court—there is nothing about the transfer to the Western District of Texas that has affected defendants' right to seek relief or plaintiffs' right to defend against it. Cf. Travelers Indem. Co. v. Sarkisian, 794 F.2d 754, 757 n.4 (2d Cir. 1986) ("A change in decisional law is cognizable under Rule 60(b)(5). However, it is doubtful that the preclusive nature of a dismissal with prejudice is a prospective effect under the rule." (citations omitted)). As with Rule 60(b)(3) or any inherent power the Court may have to reconsider one of its interlocutory orders, plaintiffs simply make no demonstration of fact or law that would warrant reconsideration under Rule 60(b)(5) either.

II. Certification

"The Second Circuit has held that an order to transfer an action is not a final order and as such an interlocutory appeal may not be made without the certification of the district court."

Buell, 1998 U.S. Dist. LEXIS 1662, at *3 n.4 (citing Michael v. I.N.S., 48 F.3d 657, 661 (2d Cir. 1995)). In line with this limitation, plaintiffs have requested that the Court certify the following legal issues: whether the bankruptcy removal statute requires removal only by a "party"; whether a bankruptcy court should have subject-matter jurisdiction to enjoin suits by non-debtors against non-debtors; whether mandatory abstention was appropriate; and whether equitable considerations and a fact-specific adjudication analysis should have been made and mandatory abstention applied.

Assuming arguendo that the orders aggrieving plaintiffs were still present in this the transferor court, the Court, as outlined in Santiago v. Pinello, would consider that:

> The first prong of § 1292(b) requires that the question presented on appeal be a "pure question of law that the reviewing court could decide quickly and cleanly without having to study the record." The question presented on appeal must also be "controlling." § 1292(b). A question is controlling when "reversal of the district court's order would terminate the action," or, "at a minimum," where "determination of the issue on appeal would materially affect the litigation's outcome."

647 F. Supp. 2d 239, 243 (E.D.N.Y. 2009) (citations omitted).

The Court finds that there are no controlling questions of law among those identified by movants as to which there is substantial ground for difference of opinion, or that there is any indication whatsoever that an appeal from the Court's April 22, 2010 order would materially advance the ultimate termination of this litigation. As a result, again assuming that it could, the Court declines to certify any of the issues raised by plaintiffs for interlocutory appeal. See Martens v. Smith Barney, 238 F. Supp. 2d 596, 601 (S.D.N.Y. 2002). On a final note, suffice it to say, plaintiffs have also failed to establish that there are any exceptional circumstances at play here that warrant a departure from the policy of postponing appellate review until after the entry of a final judgment. Accordingly, plaintiffs' (belated) request for certification is denied. Their

accompanying request for a stay of proceedings is denied as moot, since there are no proceedings before this Court to stay.

**CONCLUSION**

For the foregoing reasons, plaintiffs' motion is denied in its entirety.

SO ORDERED.

Dated: Brooklyn, New York
September 14, 2010

ERIC N. VITALIANO
United States District Judge